

Marjorie Frey, Pro Se
8563 E. Pine Valley Drive
Tucson, AZ 85710
520/300-4740

U.S. DISTRICT COURT FOR THE DISTRICT OF ARIZONA
TUCSON DIVISION

CIV13-1210 TUC CRP

| | |
|---|---|
| MARJORIE FREY, Pro Se, ) | |
| Plaintiff, ) | |
| vs. ) | COMPLAINT FOR RELIEF |
| SACOR FINANCIAL, INC., ) | AND PENALTIES FOR |
| 1911 Douglas Blvd., Ste. 85 ) | VIOLATIONS OF THE |
| Roseville, CA 95661, ) | FAIR DEBT COLLECTION |
| Defendant. ) | PRACTICES ACT AND |
| ) | FAIR CREDIT REPORTING ACT |

Sacor Financial, Inc. in violation of FDCPA, FCRA.

Plaintiff asks for damages and other damages:

§803. Definitions, 15 USC 1692a: (4), (6), (F)-(ii)-(iv)

§807. False or misleading representations, 15 USC 1692e: (2-A-B), (5), (9), (10)

§808. Unfair practices, 15 USC 1692f, 1

§816. 15 USCn, State laws

§812. Furnishing certain deceptive forms, 15 USC 1692j: (a), (b),

§813. Civil liability, 15 USC 1692k: (a)-(1), (2), (b)-(1), (c)

§616. Civil liability for willful noncompliance, 15 USC 1681n: (1)(a)(A), (B)(2)

§617. Civil liability for negligent noncompliance, 15 USC 1681o (a)(1)

§619. Obtaining information under false pretenses, 15 USC 1681q

15 USC 1692k(a), (1)-(4): (10), 1.d (1692(e); FDCPA - 15 USC 1692K- Damages

§604. Permissible purposes for consumer reports. 15 USC 1681, et seq., Damages

The FCRA, 15 USC §1681 et seq., establishes guidelines by which credit information can be gathered and disseminated. The FCRA, like the FDCPA, is a consumer protection statute. The FCRA creates private rights of actions for both willful and negligent

1

noncompliance with the statute. See 15 USC §§1681n & 1681o. The FCRA, through §§1681n and 1681o, also specifically provides for the recovery of actual damages. Section 1681n of the FCRA states:

> Any consumer reporting agency or user of information which willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of ----
> (1) any actual damages sustained by the consumer as a result of the failure ...

The FDCPA's civil liability language, which is very similar to the FCRA, reads as follows:

> (a) except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of ---

A strict liability statute that makes debt collectors liable for violations that are not knowing or intentional proof of actual damages is not required under FDCPA.

U.S. Court of Appeals 9th Circuit, *Reichert v. National*, 531 F.3d 1002 (2008) (HNI); 15 USC 1692K(c) in concluding that FDCPA imposes strict liability, U.S. Court of Appeals reasoned in *Clark* (460 F2d 1162 (2006) that allowing a debt collector to escape liability for unintentional violations would render the bona fide error defense superfluous.

§803. Definitions, 15 USC 1692a: As used in this title:

> (4) The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

Collection agency cannot be both purchaser and assignee. It's one or the other. Protection under FDCPA-Damages; *Gearing*, 233 F.3d 469 (2000, U.S. Court of Appeals; 15 USC 1692 et seq.

FDCPA 803.4: <u>Must establish a creditor/debtor relationship</u> and establish a course of business dealings. All parties must agree to balance due and owed with signed agreement on balance owed and due.

Sacor Financial, Inc. is in direct violation of Fair Debt Collection Practices Act with damages, plus other damages. Sacor Financial, Inc. is not a <u>creditor.</u> Sacor Financial, Inc. is not afforded the rights of a creditor.

RESPECTFULLY SUBMITTED this ____ day of September, 2013:

*Marjorie Frey*
Marjorie Frey, Pro Se