WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marjorie Frey, | No. CV-13-01210-TUC-CRP |
| Plaintiff, | **ORDER** |
| v. | |
| Sacor Financial Incorporated, | |
| Defendant. | |

The Magistrate Judge has jurisdiction over this matter pursuant to the parties' consent. See 28 U.S.C. § 636(c).

Pending before the Court are: (1) Defendant's Motion to Dismiss Case and to Declare Plaintiff a Vexatious Litigant (Doc. 5); (2) Plaintiff's "Motion to Dismiss Defendants [sic]" (Doc. 8); (3) Plaintiff's Motion for Hearing (Doc. 10); (4) Plaintiff's Motion to Dismiss (Doc. 13); and (5) Plaintiff's Motion to Amend Motion to Dismiss (Doc. 14).

As discussed below, Plaintiff's Motion to Dismiss (Doc. 13) automatically terminated this action and, thus, all other motions are moot.

**BACKGROUND**

Plaintiff, acting *pro se,* filed the instant action under the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. (Doc. 1). In response, Defendant filed a

1  Motion to Dismiss (Doc. 5) for lack of subject matter jurisdiction and for failure to state a
2  claim, arguing *inter alia,* that Plaintiff's action is foreclosed based upon a state court
3  action in which Plaintiff was a named defendant. Plaintiff has also filed a Motion to
4  Dismiss Defendant (Doc. 8), which appears to be a response to Defendant's Motion to
5  Dismiss.  Thereafter, while Defendant's Motion to Dismiss was still pending, Plaintiff
6  filed a Motion to Dismiss (Doc. 13) and a Motion to Amend her Motion to Dismiss (Doc.
7  14).

**DISCUSSION**

Plaintiff's Motion to Dismiss seeks dismissal of this action "because of Plaintiff's unforeseen medical circumstances."  (Doc. 13).  In her Motion to Amend Motion to Dismiss (Doc. 14), Plaintiff requests dismissal without prejudice to returning to court with an attorney in the event Plaintiff receives further contact or complaints from Defendant.  She also states she "prays for peace from [Defendant]" and "Defendant wants peace from [Plaintiff] re court's permission before filing against [Defendant] in [sic] future…With the above observation, Plaintiff and Defendant want the same conclusion– no contact with and from one another."  (Motion to Amend Motion to Dismiss, p. 1). Defendant reads Plaintiff's Motion to Amend as "masquerad[ing] [as] a request for injunctive relief" and requests that the Court, instead, grant its pending Motion to Dismiss and enter dismissal with prejudice. (Response (Doc. 15), pp. 1-2).

Under Rule 41 of the Federal Rules of Civil Procedure, "the plaintiff may dismiss an action without a court order by filing…a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment…." Fed.R.Civ.P. 41(a)(1)(A)(i).  The Ninth Circuit has been clear that Rule 41 confers on the plaintiff

> an absolute right to voluntarily dismiss his [or her] action prior to service by the defendant of an answer or a motion for summary judgment. A plaintiff may dismiss his [or her] action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required.... The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice.... Such a dismissal leaves the parties as though no

action had been brought. *American Soccer Co., Inc. v. Score First Enterprises,* 187 F.3d 1108, 1110 (9th Cir. 1999) (quoting *Wilson v. City of San Jose,* 111 F.3d. 688, 692 (9th Cir. 1997)) (reversing district court's order vacating voluntary dismissal); *see also Pedrina v. Chun,* 987 F.2d 608, 610 (9th Cir. 1993) (the plaintiff's filing of the notice of dismissal under Rule 41(a)(1)(A)(i) "closes the file"). Further, because the language of Rule 41(a)(1)(A)(i) is unequivocal, the "'absolute right' for a plaintiff voluntarily to dismiss an action when the defendant has not yet served an answer or a summary judgment motion leaves no role for the court to play." *American Soccer Co., Inc.,* 187 F.3d at 1110. Therefore, in light of Plaintiff's Motion to Dismiss (Doc. 13), there is no role for this Court to play other than to ensure that the Clerk of Court terminates this action. *See id.* The Ninth Circuit has observed that such practice "does not prejudice defendants. If defendants 'desire to prevent plaintiffs from invoking their unfettered right to dismiss actions under rule 41(1)(a) [they] may do so by taking the simple step of filing an answer.'" *Id.* at 1112 (quoting *Carter v. United States,* 547 F.2d 258, 259 (5th Cir. 1977)).

In her Motion to Amend Motion to Dismiss, Plaintiff essentially seeks dismissal without prejudice. Rule 41(a)(1)(B) provides that:

> Unless the notice [of voluntary dismissal]…states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Fed.R.Civ.P. 41(a)(1)(B). In light of Rule 41(a)(1)(B), Plaintiff's Motion to Dismiss (Doc. 13) terminated this action without prejudice and renders Plaintiff's Motion to Amend Motion to Dismiss (Doc. 14) moot.

Likewise, as to Defendant's contention that Plaintiff seeks injunctive relief through her Motion to Amend Motion to Dismiss (Doc. 14), Plaintiff's Motion to Dismiss (Doc. 13) automatically terminated this action and "*leaves the parties as though no action had been brought.*" *American Soccer Co., Inc.,* 187 F.3d at 1110 (citation omitted) (emphasis added). Therefore, Plaintiff's voluntary dismissal cannot and does

not result in the imposition of injunctive relief or constrain the parties' future conduct.

Defendant has also argued that Plaintiff should be declared a vexatious litigant. This Court has inherent power to enter pre-filing orders against vexatious litigants. *Molski v. Evergreen Dynasty, Corp.,* 500 F.3d 1047, 1056-57 (9th Cir. 2007). "'[F]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.'" *Molski,* at 1057 (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir.1990)). A key factor for consideration is whether Plaintiff's action is harassing or frivolous in nature, which requires examination of: Plaintiff's history of litigation, and in particular whether it entailed vexatious, harassing or duplicative lawsuits; Plaintiff's motive in pursuing the litigation (*i.e.,* whether she has an objective good faith expectation of prevailing); whether Plaintiff has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and whether other sanctions would be adequate to protect the courts and other parties. *Molski,* 500 F.3d at 1057-58 (citations omitted). Here, Defendant has argued that Plaintiff filed the instant action after an unsuccessful attempt to prevail on the same issues she raised as a defendant in state court. (*See* Defendant's Motion to Dismiss and to Declare Plaintiff a Vexatious Litigant (Doc. 5)). The Ninth Circuit has cautioned that use of the Court's inherent power to sanction vexatious litigants is "an extreme remedy that should rarely be used…because such sanctions can tread on a litigant's due process right of access to the courts." *Id.* at 1057 (citations omitted). At this point, the record does not warrant entry of a vexatious litigant order. However, Plaintiff's future conduct may expose her to such an order in addition to other sanctions. Thus, Plaintiff is advised that dismissal of the instant action without prejudice as required by Rule 41 does not mean she is free to file frivolous, meritless, duplicative, or harassing actions without consequence.

Accordingly, for the foregoing reasons,

IT IS ORDERED that, in light of Plaintiff's Motion to Dismiss (Doc. 13) the Clerk

of Court is DIRECTED to enter dismissal without prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that in light of Plaintiff's voluntary dismissal, all other pending motions (Docs. 5, 8, 10, 14) are DENIED as moot.

Dated this 27th day of August, 2014.

*/s/ Charles R. Pyle*
CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE